UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY M. MIZE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-CV-2691 CAS |
| | ) |
| ROBERT J. AMBRUSTER, INC., et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of petitioner, Jeffrey M. Mize, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial statement provided by petitioner, the Court finds that petitioner is financially unable to pay any portion of the filing fee. As a result, petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B) because this Court lacks jurisdiction over this matter and because petitioner's application for writ of mandamus fails to state a claim and/or is legally frivolous.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named respondents and not for the purpose of

vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679.

**Background**

Petitioner brings this action seeking a writ of mandamus, pursuant to 28 U.S.C. § 1651, seeking to overturn a state court judgment against him in *Robert J. Ambruster, Inc. v. Jeffrey Mize, et al,* No. 15SL-CC00798 (21st Judicial Circuit, St. Louis County, State of Missouri) (the "State Case").

The State Case was a breach of contract action between Robert J. Ambruster, Inc., a Missouri corporation ("Ambruster") that owned and operated a funeral home under the names "Ambruster Chapel" and "Ambruster-Donnelly Mortuary," and Deborah Drace and Jeffrey Mize who were running an unincorporated business under the business name of "Ambruster Great Hall Events."

The Court has reviewed the record before it, as well as the unofficial record of the State Case on Missouri.Case.Net, which reveals the following. During the State Case, plaintiff and Ms. Drace refused to respond to written discovery served on them by Ambruster. They were ordered on August 17, 2015, to provide such responses. Plaintiff and Ms. Drace failed to

2

comply in full, and on September 21, 2015, the state court ordered them to supply copies of certain categories of documents within twenty (20) days or "the Court will consider striking Defendants' pleadings."

Despite the state court's Order, plaintiff and Ms. Drace persisted in refusing to supply the requested documents. On October 29, 2015, the state court struck all their pleadings and entered a preliminary judgment against them, and scheduled a hearing on Ambruster's damages for November 30, 2015. On November 30, 2015, the state court further struck all pleadings of plaintiff and Ms. Drace that sought affirmative relief, including counterclaims and affirmative defenses, and continued the hearing for damages.

The state court held a lengthy evidentiary hearing on Ambruster's damages on February 28, 2016 and March 1, 2016. The state court then entered the final judgment for Ambruster against plaintiff and Ms. Drace that is the object of plaintiff's action in this Court. The judgment against plaintiff and Ms. Drace was in the amount of $135,509.85, as well as for certain equitable relief.

On March 10, 2016 (as amended March 11, 2016), plaintiff filed a motion for new trial in the State Case; it was overruled on March 16, 2016. A second motion for new trial was filed by counsel for plaintiff who was engaged by plaintiff and Ms. Drace, and it was overruled on March 21, 2016.

Plaintiff and Ms. Drace filed a notice of appeal in the State Case on March 31, 2016 to the Missouri Court of Appeals for the Eastern District. *Robert J. Ambruster, Inc. v. Deborah Drace, et al.,* No. ED104201 (Mo. Ct. App. 2017).

The Court of Appeals provided plaintiff and Ms. Drace almost a year and a half to complete the filing of the record on appeal and file briefs. Finally, on September 21, 2017,

plaintiff and Ms. Drace filed a voluntary motion to dismiss the appeal "without prejudice." The Court of Appeals granted the motion on September 26, 2017, but in its Order, the Missouri Court of Appeals failed to rule as to whether the dismissal was without prejudice.

In the meantime, plaintiff and Ms. Drace continued to attack the State Case judgment through a multitude of pleadings filed in the state court. This Court has reviewed plaintiff's post-judgment motions on Missouri.Case.Net, and it is apparent that the majority of the post-judgment motions include arguments plaintiff and Ms. Drace previously raised in prior motions. *Robert J. Ambruster, Inc. v. Jeffrey Mize, et al,* No. 15SL-CC00798 (21st Judicial Circuit, St. Louis County).

In October 2016, plaintiff and Ms. Drace began to assert in their pleadings that the state court's judgment was void under Missouri Supreme Court Rule 74.06(b)(2) (motions to aside judgments for fraud). Plaintiff later expanded on the fraud argument to assert that he had "recently" uncovered evidence that demonstrated the identity of Ambruster's corporate Secretary had been misrepresented in Ambruster's Annual and Biennial Registration Reports submitted to the Missouri Secretary of State.

Plaintiff's fraud argument centered around his allegation that the Missouri Secretary of State's 2014 reinstatement of Ambruster to good standing after an administrative dissolution for failure to file an Annual Report was void. In other words, plaintiff claimed that Ambruster could not have been in good standing when it pursued the State Case against him. Thus, he argued, the judgment was void and should be vacated.

This argument is repeated at length in Plaintiff's Motion for Judicial Review now before this Court.[1]

Between March 31, 2016, and October 4, 2017, the state court found that plaintiff Jeffrey Mize and Deborah Drace filed over fifty (50) pleadings of various kinds that attacked the State Case judgment on many grounds, including the grounds described above. Upon a motion of Ambruster, and after a hearing on October 4, 2017, the state court entered an Order and Judgment on October 12, 2017, in which plaintiff and Ms. Drace were sanctioned in the amount of $35,304.00 for filing such pleadings frivolously and in bad faith.

On November 6, 2017, plaintiff filed the instant federal case.

## The Complaint

In the instant matter, plaintiff Jeffrey Mize seeks to rehash arguments previously made in his state court case. In addition, he seeks to have this Court direct the Missouri state court to "cease the continuation of the due process violations of plaintiff." Furthermore, plaintiff wants

---

[1] In its October 12, 2017 Order and Judgment on Plaintiff's Amended Motion for Sanctions Against Defendants, the state court found that Mize and Drace's argument that Ambruster was not in good standing as a corporation in the State of Missouri and thus did not have standing to pursue the breach of contract case against Mize and Drace did not represent a "fraud on the Court." Mize spent a fair amount of time arguing this point, the state court found, but to no avail. Mize's argument was centered on his assertion that the name of the corporate secretary was erroneously listed in an unspecified number of annual registration reports submitted to the Secretary of State. Thus, Mize argued, this error led to a fraudulent reinstatement of Ambruster's corporate good standing in 2014, because it misrepresented exactly who the corporate secretary was. The state court found that this argument was addressed at the trial for damages and the court did not find it of consequence. Final judgment was entered thereafter. Mize argued several other "fraud" and "lack of standing" assertions in other motions before the state court, which were all similarly addressed prior to the judgment, in post-judgment motions, or in motions to vacate the judgment. The state court found that Mize's assertions relating to Ambruster's lack of standing to bring the breach of contract action and Mize's assertions that Ambruster had created "fraud" on the Court were simply not actionable.

this Court to adjudicate, for once and for all, the corporate "good standing" of Ambruster, so plaintiff can declare that he was "maliciously prosecuted" by Ambruster in Missouri state court.

## Discussion

Petitioner has brought a petition for writ of mandamus before this Court. Unfortunately for plaintiff, when district courts issue writs of mandamus, they may only do so "in aid of their respective jurisdictions . . . ." 28 U.S.C. § 1651(a). Federal courts lack the power to issue writs of mandamus compelling a **state** actor to act. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff.") (emphasis added).

In other words, this Court may not order the St. Louis County Circuit Court to overrule the judgment already entered against plaintiff in the State Case, nor can this Court stay any garnishment procedures ordered against plaintiff or sanctions imposed by the St. Louis County Circuit Court. This Court simply lacks jurisdiction to do so.

Indeed, as the state court has already adjudicated the issue of whether Ambruster had standing to bring the breach of contract case against plaintiff, plaintiff's remedy as to this issue lies only in the Missouri state courts. Pursuant to the *Rooker-Feldman* doctrine, this Court is precluded from interfering in an issue already adjudicated against plaintiff in the state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine was broadly applied for some time before its proper focus was clarified by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). In *Exxon*, the Court pointed out that some courts had construed the doctrine

"to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." *Id.* at 283 (citing *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 199-200 (2d Cir. 1996)). The Court clearly stated in *Exxon*, however, that *Rooker-Feldman* deprives federal courts of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. In this case, plaintiff seeks to reverse the state court's ruling or void the entirety of its decision. Consequently, the *Rooker-Feldman* doctrine squarely applies in this instance to preclude this Court from reviewing plaintiff's claim. *See* 28 U.S.C. § 1915(e)(2)(B).

As a result, this action will be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), and alternatively because it fails to state a claim upon which relief can be granted, or is legally frivolous, or both, under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**. [Doc. 3]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks jurisdiction over this matter and the complaint either fails to state a claim upon which relief shall be granted, or is legally frivolous, or both.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**. [Docs. 5, 11, 13, 14, 15, 16]

**IT IS FURTHER ORDERED** that the Court certifies that an appeal of this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

_[signature]_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of February, 2018.