UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY M. MIZE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2691 CAS |
| | ) | |
| ROBERT J. AMBRUSTER, INC. et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's "Combined Motion for Leave to File Entry of Formal Objection and Motion for Reconsideration Review," directed to the Memorandum and Order and Order of Dismissal entered on February 7, 2018 (Docs. 21, 22). "A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment. See, e.g., Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988)." Auto Servs. Co., Inc. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008).

Where a motion to reconsider is made in response to a final order, such as the one entered in this case on February 7, 2018, it should be construed as a motion under Rule 59(e). Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). "Federal Rule of Civil Procedure 59(e) allows any party aggrieved by a judgment to file a motion to alter or amend the judgment 'no later than 28 days after' the judgment has been entered. Fed. R. Civ. P. 59(e). Courts are not allowed to extend the twenty-eight day deadline. Fed. R. Civ. P. 6(b)(2)." Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1111 (8th Cir. 2017). Where the motion is untimely a federal court lacks jurisdiction to consider it, United States v. Mask of Ka-Nefer-Nefer, 752

F.3d 737, 743 (8th Cir. 2014), so an untimely Rule 59(e) motion must be denied for lack of jurisdiction. Here, petitioner's motion was filed more than twenty-eight days after the entry of judgment, and therefore is untimely. The Court therefore lacks jurisdiction to consider it.

The Court also considers whether petitioner's motion should be construed as a motion under Rule 60(b), Fed. R. Civ. P. Rule 60(b) motions may be filed after the twenty-eight day time period, but only if the motion satisfies one of several enumerated grounds for relief under the Rule. E.E.O.C. v. Siouxland Oral Maxillofacial Surgery Assocs., L.L.P., 578 F.3d 921, 928 (8th Cir. 2009) (citing Reyher v. Champion Int'l Corp., 975 F.2d 483, 488-89 & n.1 (8th Cir. 1992)).

Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, Fed. R. Civ. P. 60(b)(5); and any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984).

The Court has carefully reviewed petitioner's motion and determines that the motion on its face does not allege grounds for relief available under Rule 60, and attempts to reargue the merits of petitioner's claims. Therefore the Court does not construe petitioner's motion for reconsideration as a Rule 60(b) motion.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Combined Motion for Leave to File Entry of Formal Objection and Motion for Reconsideration Review," construed as a motion to alter or amend the judgment under Rule 59(e), Federal Rules of Civil Procedure, is **DENIED** for lack of subject matter jurisdiction as untimely. [Doc. 23]

**IT IS FURTHER ORDERED** that an appeal of this matter would not be taken in good faith.

                                                                                             *[signature]*
                                                                             **CHARLES A. SHAW**
                                                                             **UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of March, 2018.