# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY M. MIZE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-2691 CAS |
| ) | |
| ROBERT J. AMBRUSTER, INC. et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's second motion for reconsideration of the dismissal of his application for writ of mandamus, as well as his motion to amend his petition. The Court dismissed petitioner's action on February 7, 2018, and denied petitioner's first motion for reconsideration of the dismissal on March 21, 2018 [Docs. 21, 24]. For the following reasons, petitioner's second motion for reconsideration of the dismissal, as well as his post-dismissal motion to amend the petition, will be denied.

## Background

Petitioner filed this action on November 6, 2017, seeking a writ of mandamus, pursuant to 28 U.S.C. § 1651. In his application for relief, petitioner sought to overturn a state court judgment against him in *Robert J. Ambruster, Inc. v. Jeffrey Mize, et al,* No. 15SL-CC00798 (21st Judicial Circuit, St. Louis County, State of Missouri) (the "State Case"). Thus, petitioner brought this action against the St. Louis County Circuit Court, seeking an order from the District Court directing the Missouri state court to "cease the continuation of the due process violations of plaintiff." In short, petitioner wanted to void the October 12, 2017 Order and Judgment

against him in his St. Louis County case, which included a sanction assessed against petitioner for filing frivolous pleadings against Ambruster.

The State Case was a breach of contract action between Robert J. Ambruster, Inc., a Missouri corporation ("Ambruster") that owned and operated a funeral home under the names "Ambruster Chapel" and "Ambruster-Donnelly Mortuary," and Deborah Drace and Jeffrey Mize who were running an unincorporated business under the business name of "Ambruster Great Hall Events."

After reviewing the record before it, as well as the unofficial record of the State Case on Missouri.Case.Net, the Court found that petitioner was not entitled to a writ of mandamus against the St. Louis County Circuit Court. As explained to petitioner in the Court's February 7, 2018 Memorandum and Order, when district courts issue writs of mandamus, they may only do so "in aid of their respective jurisdictions . . . ." 28 U.S.C. § 1651(a). Federal courts lack the power to issue writs of mandamus compelling a state actor to act. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff.") (emphasis added).

In other words, the Court found that it could not order the St. Louis County Circuit Court to overrule the judgment already entered against petitioner in the State Case, and could not stay any garnishment procedures ordered against petitioner, or sanctions imposed by the St. Louis County Circuit Court. This Court simply lacked jurisdiction to do so.

Petitioner was also instructed that because St. Louis County had already adjudicated the issue of whether Ambruster had standing to bring the breach of contract case against plaintiff, plaintiff's remedy as to this issue lies only in the Missouri state courts. Pursuant to the *Rooker-*

*Feldman* doctrine, this Court is precluded from interfering in an issue already adjudicated against plaintiff in the state court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)[1]; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

On March 21, 2018, petitioner filed a "Combined Motion for Leave to File Entry of Formal Objection and Motion for Reconsideration Review," directed to the Memorandum and Order of Dismissal entered on February 7, 2018.

In reviewing petitioner's motion, the Court found that "[a] 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment. *See, e.g., Sanders v. Clemco Indus.,* 862 F.2d 161, 168 (8th Cir. 1988)." *Auto Servs. Co., Inc. v. KPMG, LLP,* 537 F.3d 853, 855 (8th Cir. 2008). Because petitioner's motion for reconsideration was made in regard to a final order, the Court construed it as a motion under Rule 59(e). *See Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). Petitioner's motion had not been filed within the twenty-eight (28) day requirement of Rule 59(e), so the Court lacked jurisdiction to consider it under the Rule.

Despite this finding, the Court reviewed petitioner's motion pursuant to Federal Rule of Procedure 60(b) to see if it fell within one of the enumerated grounds: mistake, inadvertence, surprise or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly discovered evidence that with

---

[1]The *Rooker-Feldman* doctrine was broadly applied for some time before its proper focus was clarified by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280 (2005). In *Exxon*, the Court pointed out that some courts had construed the doctrine "to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." *Id.* at 283 (citing *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 199-200 (2d Cir. 1996)). The Court clearly stated in *Exxon*, however, that *Rooker-Feldman* deprives federal courts of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. In this case, plaintiff seeks to reverse the state court's ruling or void the entirety of its decision. Consequently, the *Rooker-Feldman* doctrine squarely applies in this instance to preclude this Court from reviewing plaintiff's claim.

reasonable diligence could not have been discovered in time for a Rule 59(b) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, Fed. R. Civ. P. 60(b)(5); and any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6).

The Court found that petitioner's motion did not allege grounds for relief available under Rule 60, and instead attempted to reargue the merits of petitioner's claims. Therefore the Court denied petitioner's motion for reconsideration on March 21, 2018.

**Discussion**

On January 2, 2019, petitioner filed a "Combined Motion for Judicial Reconsideration Redress of the Court's Order and Motion for Leave to File Amended Complaint." As stated above, the Court lacks jurisdiction to consider petitioner's motion for reconsideration under Federal Rule of Civil Procedure 59(e) as it is untimely under that rule; therefore, petitioner's arguments for reconsideration must fall within the confines of Rule 60(b) if it is to be meritorious.

After reviewing the grounds raised by petitioner, the Court will decline to alter or amend the judgment of this Court. The Court concludes that petitioner's motion fails to point to any manifest errors of law or fact, any newly discovered evidence, or any other grounds enumerated in Rule 60(b). Instead, the motion can be said to merely revisit old arguments. Petitioner is therefore not entitled to reconsideration of the dismissal of his petition, and his motion for reconsideration will be denied.

Petitioner's post-dismissal motion to amend his petition will also be denied. In the instant motion, petitioner states that he would like to amend his petition to change his cause of action to one under 42 U.S.C. § 1983 against the St. Louis County Circuit Court and Judge Brian H. May. He seeks to allege due process violations against defendants.

District courts "have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009)." It is appropriate to deny leave to amend where the filing of the amended complaint would be futile. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993). Here, the motion to amend will be denied because petitioner's claims would be futile. Petitioner has not indicated that a policy of St. Louis County is responsible for the alleged constitutional violations perpetrated in his state court case. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (finding that in order to state a claim against a municipality or government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation).

Additionally, petitioner's claims against Judge Brian May would be futile because Judge May would be entitled to absolute immunity for all judicial actions that were not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is overcome only where the alleged actions are "not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9 at 11–12 (1991).

For these reasons, petitioner has failed to provide a sufficient basis for reconsideration of the dismissal of this action, and he has failed to show that he is entitled to a post-dismissal amendment to his petition. His motions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for "Leave to File Objections and Combined Motion for Judicial Reconsideration Redress Review for Transfer for Mandamus and Motion for Leave to Exceed the Required Word County & Page Limit and Number of Copies" is **DENIED**. [Doc. 25]

**IT IS FURTHER ORDERED** that petitioner's post-dismissal motion for reconsideration of the dismissal of his petition for writ of mandamus is **DENIED.** [Doc. 26]

**IT IS FURTHER ORDERED** that petitioner's post-dismissal motion to amend his petition is **DENIED**. [Doc. 26]

**IT IS FURTHER ORDERED** that an appeal of this matter would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Court will not accept any additional post-dismissal motions or pleadings from petitioner unless they relate to an appeal. Any such motions or pleadings shall be returned to petitioner forthwith with the exception of those dealing with appellate matters.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of January, 2019.